UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL ALLEN,

        Plaintiff,

    v.                                                                13-CV-718
                                                                        DECISION AND ORDER
LT. J. KEANEN, *et al.*,

        Defendants.

---

On July 10, 2013, the pro se plaintiff commenced this action alleging that during

his incarceration he was harassed, subjected to gratuitous pat frisk searches and

fondled by a correction officer, and falsely charged with prison violations, all in

retaliation for reporting that a female correction officer was having sex with inmates and

for serving on an inmate grievance committee.  Docket Item 1.  On February 19, 2015,

this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder,

Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 19.

On October 2, 2015, the defendants moved for summary judgment, Docket Item 36;

on November 10, 2015, the plaintiff responded, Docket Item 38; and on December 11,

2015, the defendants replied, Docket Item 39.  On August 24, 2016, Judge Schroeder

issued a Report, Recommendation, and Order ("RR&O"), finding that the defendants'

motion should be granted in part and denied in part.  Docket Item 43.[1]

---

[1] The RR&O also resolved the plaintiff's motion to compel and for sanctions.
Docket Item 35.

On September 7, 2016, the defendants objected to the RR&O. Docket Item 44. On September 27, 2016, the plaintiff filed a letter with the Court waiving his right to respond, Docket Item 46, and on October 18, 2016, the defendants replied, Docket Item 47.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough RR&O, the record in this case, the objection and response, and the pleadings and materials submitted by the parties. Based on that de novo review, the Court accepts and adopts in its entirety Judge Schroeder's recommendation to grant in part and deny in part the defendants' motion.

## DISCUSSION

The defendants raise three issues that were not addressed by the RR&O. First, they argue that Allen's official capacity claims should be dismissed. Docket Item 44 at 5. Second, they argue that Allen's claims that were not exhausted should be dismissed. *Id.* at 5-6. Finally, they argue that the Prison Litigation Reform Act (PLRA) precludes Allen from recovering compensatory damages for his claims. *Id.* at 6-8. In addition to those claims that were not addressed in the RR&O, the defendants object to the RR&O's analysis of claims that it does address. *Id.* at 8-26. Specifically, they contend that the RR&O's analysis of what is constitutionally protected conduct is flawed and that the RR&O incorrectly applied the standards for personal involvement and failure to

2

intervene by a supervisor. *Id.* at 8-20. Additionally, the defendants contend that the RR&O's conclusion that there was no basis for Allen to be pat frisked on a certain date was incorrect and that the RR&O misapplied the qualified immunity doctrine. *Id.* at 20-26.

## I.     ALLEN'S OFFICIAL CAPACITY CLAIMS

Allen's complaint brings claims against some defendants in both their individual and official capacities. Docket Item 1 at 8. "[A] claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment." *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). Therefore, Allen's claims against the defendants in their official capacities are dismissed.

## II.     EXHAUSTION

The Prison Litigation Reform Act ("PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)). "[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion under the PLRA, "even when the facts are disputed, is a matter for the Court to decide." *Harriott v. Annucci*, 2018 WL 1210890, at *5 (W.D.N.Y. Mar. 8, 2018) (citing *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011)); *see also Guzman v. Sposato*, 2018 WL 1597395, at *4 (E.D.N.Y Mar. 31, 2018) ("the Court, not the jury, is tasked with ultimately deciding defendants' exhaustion defense" under the PLRA).

"[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Jones*, 539 U.S. at 219. And "the New York [DOCCS] grievance procedures do not require an inmate to specifically name responsible parties." *Espinal v. Goord*, 558 F.3d 119, 121 (2d Cir. 2009).

Allen's claims against Kirkpatrick, Crowley, and Sticht are brought against them in their individual but supervisory capacities. His theory of liability is rooted in the Eighth Amendment and based on their alleged "failure to remedy the systemic sexual abuse of prisoners at Wende." Docket Item 43 at 27, 34-36. [2]

The defendants do not dispute that Allen filed a number of grievances regarding the conduct of prison staff at Wende Correctional Facility. For example, on February 7, 2011, Allen filed a grievance against Sergeant Johnson regarding Johnson's sexual assault. Docket Item 36-2 at 4. That grievance, or a substantially identical document, was sent to Kirkpatrick and Crowley. *Id.* at 5; Docket Item 43 at 9. Indeed, according to Allen, many inmates had complained that "Johnson was fondling the penises and caressing the buttocks of inmates during searches," and "these complaints were presented to" Kirkpatrick, Sticht, and Crowley, "verbally and in writing, during numerous ILC meetings, but they failed to do anything concerning these sexual assault complaints." Docket Item 43 at 5. Allen also filed a complaint regarding Corrections Officer Demarais's conduct with the State Police, Kirkpatrick, and Sticht. Docket Item 43 at 4.

---

[2] Allen does not dispute any of Judge Schroeder's characterizations of Allen's claims. In fact, Allen says that he "agree[s] with the Report and Recommendation a [sic] 100%." Docket Item 46.

The undisputed facts demonstrate that Allen filed grievances regarding "sexual abuse" by prison staff supervised by Kirkpatrick, Sticht, and Crowley. Those grievances provided "enough information to 'alert the prison to the nature of the wrong for which redress was sought.'" *Espinal*, 558 F.3d at 127 (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).

The defendants argue that because Allen now seeks to remedy these supervisors' failure to do anything about that conduct, he was required to grieve the supervisors' failure as well. But it would make little sense for the PLRA to require an inmate seeking to hold a supervisor responsible for permitting the continuation of an unconstitutional practice to file at least two grievances—one involving the underlying conduct and a second involving the failure to supervise the same conduct. What is more, New York State's inmate grievance regulations suggest that prison supervisors play a strong role in the process of reviewing and responding to grievances. *See* 7 N.Y.C.R.R. 701, *et seq.*

And even if the PLRA required Allen to submit multiple grievances regarding the same conduct but complaining about the supervisors' failure to act, questions of fact regarding the availability of grievances at Wende and the futility of filing grievances would preclude summary judgment and require an evidentiary hearing. An administrative procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1860. Here, Allen contends that one prison official—the corrections officer captain at the Wende Correctional Facility—told him that

> I know what my officers do isn't right but don't think we're going to allow you
> to keep writing [one of them] up and we wasn't going to come after you.

You been around a long time and you know how things go. Your [sic] be leaving here any day now and maybe you think twice before you write up another officer.

Docket Item 38 at 42. And Allen says that the filing of grievances is sometimes futile.

He explained that

I have filed grievance against superintendents, and they just disappear. That's it. You could file it, and that's it. It just go and you don't see it no more. And just most recently I had to write to Albany to get the superintendent to respond to the grievances, which he falsified some documents in response to that. So if you filed a grievance against a superintendent, it goes nowhere.

Docket Item 31 at 74-75. Allen's contention that filing a grievance against supervisors who New York State grievance regulations involve in the grievance review process is futile is far from implausible.

When Congress enacted the PLRA, it chose to use the word "exhausted" in the context of administrative law. *See* 42 U.S.C. § 1997e ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). Thus, "Congress intended the term 'exhausted' to 'mean what the term means in administrative law, where exhaustion means proper exhaustion.'" *Woodford v. Ngo*, 548 U.S. 81, 103 (2006) (Breyer, J., concurring). "Administrative law . . . contains well-established exceptions to exhaustion." *Id*. One such well-established exception is futility. *Id*. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000); *McCarthy v. Madigan*, 503 U.S. 140, 147-48 (1992).

Therefore, even if the PLRA required Allen to file grievances against Kirkpatrick, Sticht, and Crowley in order to exhaust his administrative remedies, fact issues would remain regarding their availability and futility. Those issues would preclude this Court

from ruling favorably on the defendants' motion for summary judgment and require an evidentiary hearing.

But because this Court has determined that the grievances Allen filed are sufficient as a matter of law to provide "enough information to 'alert the prison to the nature of the wrong for which redress was sought.'" *Espinal*, 558 F.3d at 127, an evidentiary hearing is unnecessary. For that reason, the defendants' motion for summary judgment is denied.

## III.    PLAINTIFF'S RECOVERY OF COMPENSATORY DAMAGES

42 U.S.C. § 1997e(e) provides that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

The provision "applies to all federal civil actions including claims alleging constitutional violations." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). The definition of "sexual act" requires genital to genital contact, oral to genital contact, or penetration. 18 U.S.C. § 2246(2). In this case, Allen's claims involve sexual contact, but not a sexual act as defined in § 2246. Therefore, § 1997e(e) bars recovery of compensatory damages for mental or emotional issues unless Allen shows that he suffered a physical injury.

Allen seeks compensatory damages for anguish, pain, and emotional distress caused by a number of the defendants. Docket Item 1 at 21. Allen contends that the defendants' conduct caused him to endure nightmares, erectile dysfunction, and issues with urination. Docket Item 31 at 84-85; Docket Item 38-1 at 33. The record also

indicates that Allen's issues have led to problems with his marriage. Docket Item 38-1 at 3.

Allen contends that his erectile dysfunction and issues with urination are both physical injuries under § 1997e(e). Docket Item 31 at 84-85. Although the decision is a close one, this Court disagrees. As one trial court in Virginia explained on similar facts, Allen's "allegations are more consistent with [physical] symptoms or manifestations of an emotional disturbance, not those of a physical injury." *Blakeman v. Emergency USA*, 2011 WL 8947567, at *7 (Aug. 17, 2011) (concluding that erectile dysfunction is not a physical injury under Virginia tort law). Furthermore, in other submissions, Allen contends that Johnson's non-routine pat frisk "cause[d him] psychological pain." Docket Item 38 at 3. And Allen has noted that only his mental health records corroborate his claim that erectile dysfunction was caused by the defendants' conduct. Docket Item 31 at 84.

So even viewed in the light most favorable to Allen, his erectile dysfunction and urination issues are physical manifestations of mental and emotional injuries and not physical injuries within the context of § 1997e(e). For that reason, he may not seek compensatory damages stemming from those or other mental or emotional injuries caused by the defendants' conduct in this case.

That being said, § 1997e(e) "does not limit the availability of nominal damages for the violation of a constitutional right or of punitive damages." *Thompson*, 284 F.3d at 418. Allen's complaint seeks both compensatory and punitive relief. Docket Item 1 at 21-22. And applying "[t]he liberal pleading standards applicable to *pro se* civil rights complaints in this circuit," *Thompson*, 284 F.3d at 419, this Court does not consider

Allen's labeling of his requests for damages as compensatory or punitive to be determinative, especially given the amount of monetary damages he seeks for each in the complaint.

## IV.    THE DEFENDANTS' OTHER OBJECTIONS

The defendants' other objections involves claims that were addressed in Judge Schroeder's RR&O.  For the reasons in the RR&O, this Court adopts Judge Schroeder's recommendations on those matters.

### CONCLUSION

For the reasons stated above and in the RR&O, the defendants' motion for summary judgment, Docket Item 36, is GRANTED IN PART and DENIED IN PART. The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of February 19, 2015, Docket Item 19.


        SO ORDERED.


Dated:        April 4, 2019
              Buffalo, New York


                                              s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE