UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL ALLEN,

        Plaintiff,

      v.                                                     13-CV-718-LJV-HKS
                                                            DECISION & ORDER
LT. J. KEENAN, *et al.*,[1]

        Defendants.

_____

On July 10, 2013, the plaintiff, Michael Allen, commenced this action under 42

U.S.C. § 1983, asserting various claims arising from his incarceration at the Wende

Correctional Facility ("Wende").  Docket Item 1.  He sues several Wende officials and

officers: Superintendent Robert Kirkpatrick; Deputy Superintendent for Security

Services Thomas Sticht; Deputy Superintendent of Programs Karen Crowley; Captain

Edward Meyer; Lieutenant Jeffrey Keenan; Sergeant James Johnson; and Correction

Officers Anita Demarais, Tom Gore, and Michael Werner.[2]  Docket Item 1; *see* Docket

Items 14, 36-2.

_____

[1] It appears that several defendants' names were misspelled in the complaint
caption and that Allen did not know some of the defendants' full names when he
commenced this action.  *Compare* Docket Item 1 (complaint), *with* Docket Item 14
(defendants' Rule 26 disclosures), *and* Docket Item 36-2 (defendants' statement of
undisputed facts).  The Clerk of the Court therefore shall correct the caption to reflect
the correct names of the following defendants: Robert Kirkpatrick, Thomas Sticht; Karen
Crowley; Edward Meyer; Jeffrey Keenan; James Johnson; Anita Demarais; Tom Gore;
and Michael Werner.

[2] Allen sued two other defendants who have been dismissed from this action:
Commissioner Brian Fischer and Superintendent Dale Artis.  *See* Docket Item 1; *see
also* Docket Items 6 and 43 (dismissing the claims against Fischer and Artis).  He also
sued Correction Officer L. Johnson.  *See* Docket Item 1.  This Court previously granted
summary judgment on Allen's claim against L. Johnson, Docket Item 51; *see* Docket

On February 19, 2015, this Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 19.  Several years into the litigation, the defendants moved for summary judgment.  Docket Item 36.  After Judge Schroeder issued a Report, Recommendation, and Order (the "RR&O") finding that the defendants' motion should be granted in part and denied in part, Docket Item 43, this Court adopted the RR&O in its entirety and referred the case back to Judge Schroeder, Docket Item 51.

On January 4, 2023, defendant Officer Demarais moved to bifurcate the trial, arguing that if all of Allen's claims are tried together, she will be prejudiced "by the inflammatory allegations and evidence" against some of the other defendants.  Docket Items 93, 93-3.  On March 23, 2023, Allen responded, Docket Item 96; and on March 30, 2023, Demarais replied, Docket Item 97.

For the following reasons, Demarais's motion to bifurcate the trial is denied.

## **LEGAL PRINCIPLES**

Under Federal Rule of Civil Procedure 42(b), a court "may order a separate trial of one or more separate issues[ or] claims" for any or all of three reasons: "[1] [f]or convenience, [2] to avoid prejudice, or [3] to expedite and economize."  *See also* Fed. R. Civ. P. 20(b) ("The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice . . .").  A decision to bifurcate a trial is "typically well within the discretion of district courts."  *In re*

---

Item 43, but it appears the Clerk of the Court did not terminate L. Johnson as a defendant.  The Clerk of the Court shall do so now.

*Sept. 11 Litig.*, 802 F.3d 314, 339 (2d Cir. 2015).  Nevertheless, "bifurcation remains the exception rather than the rule," and "[t]he party seeking bifurcation bears the burden of establishing that bifurcation is warranted."  *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *see also Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 433 (W.D.N.Y. 2017) ("Bifurcation is the exception, not the rule, and the movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." (citation and internal quotation marks omitted)).

When deciding whether to bifurcate, courts consider "(1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted."  *Lewis v. Am. Sugar Refin., Inc.*, 2018 WL 11409640, at *1-2 (S.D.N.Y. Mar. 27, 2018) (quoting *Providencia V. v. Schutlze*, 2007 WL 1582996, at *7 (S.D.N.Y. May 31, 2007)).

## **DISCUSSION**[3]

According to Demarais, "[t]his lawsuit concerns two set[s] of facts"—one involving her, Gore, and Keenan; the other involving Johnson, Crowley, Kirkpatrick, and Sticht—that neither "intertwine" nor "concern each other."  Docket Item 93-3 at 5-6.  Because the latter set of facts includes "inflammatory allegations and evidence," Demarais says,

---

[3] The Court assumes the reader's familiarity with the factual background as set forth in the RR&O, Docket Item 43 at 3-18.

separate trials are necessary to avoid prejudice to her, Gore, and Keenan.  *Id.*  Allen
responds that there is "enough common evidence" between the two sets of claims "to
warrant them being tried together" and that regardless, Demarais's concerns of
prejudice are "speculative."  Docket Item 96 at 3-6.  This Court agrees with Allen:
judicial economy favors a single trial, and Demarais has not shown a likelihood of
prejudice strong enough to warrant departure from that norm.

## I.    CONVENIENCE AND EFFICIENCY

Demarais characterizes the complaint as telling two different stories: one about
"an allegedly false inmate misbehavior report" involving Demarais, Gore, and Keenan;
the other about an alleged sexual assault and Wende supervisory officials' failure to
prevent sexual assaults by Wende corrections officers.  Docket Item 93-3 at 7.  And she
says that evidence needed to prove the latter claims against Johnson, Crowley,
Kirkpatrick, and Sticht does not "concern[] the alleged false inmate misbehavior report."
*Id.* at 7-8.

But as Allen argues, there is considerable overlap between the evidence relevant
to his two sets of claims, which "involve the same plaintiff, the same date[s], [and] the
same correctional facility."  Docket Item 96 at 5.  Furthermore, background testimony
about "how prisons operate" and "DOCCS [Department of Corrections and Community
Supervision] procedures" likely will be common to all of Allen's claims.  *Id.*  As a result,
bifurcation would result in duplicative witnesses and testimony.

But DOCCS procedures and Wende operations are not the only common
grounds among Allen's claims; on the contrary, the claims are linked in another key and

central way.  More specifically, Allen alleges that the defendants shared two reasons for their conduct that injured him.  And that tips the balance in favor of a single trial.

First, Allen alleges that Demarais, Keenan, and Johnson—the first two in connection with the misbehavior report and the third in connection with the sexual assault—targeted him because he was a member of the Inmate Liaison Committee (the "ILC").  *See* Docket Item 1 at 11 (alleging that during a sexual assault, Johnson said, "I don't like you f[******] ILC cowards and all ILC inmates ha[ve] targets on their back[s] so get use[d] to this"); *id*. at 12 (alleging that Demarais "g[ave] [Allen] the evil eye" when he assisted other inmates with their complaint); *id*. (alleging that during a sexual assault, Johnson told Allen "that ILC inmates are targets" and that he was "setting [Allen] up" for "informing on [his] officers"); *id*. at 14 (alleging that Gore admitted that Keenan had directed him "to fabricate charges against [Allen] to keep him off the ILC").  Second, Allen alleges that the defendants targeted him after he witnessed Demarais having sex with another inmate and in retaliation for having reported her misconduct.[4]  *Id.* at 8-9 (alleging that Demarais threatened to "set [Allen] up" and "have [him] killed" if he reported her sexual relationship with an inmate); *id*. at 24 (alleging that both the sexual assault and the false misbehavior report were motivated by Allen's report of Demarais's sexual relationship with an inmate).

In short, there is substantial and crucial overlap between the evidence relevant to Allen's claims against Demarais, Gore, and Keenan and his claims against Johnson, Crowley, Kirkpatrick, and Sticht.  Convenience and efficiency—two of the reasons for

---

[4] In fact, Allen alleges that Demarais had sexual relationships with multiple inmates.  *See* Docket Item 1 at 8-9, 16.

which a court may bifurcate a trial, *see* Fed. R. Civ. P. 42(b)—therefore weigh against bifurcation in this case.

## II.   RISK OF PREJUDICE

Demarais argues that she will be prejudiced by the "serious and inflammatory" allegations surrounding Johnson's alleged sexual assault of Allen.  Docket Item 93-3 at 7.  More specifically, she is concerned that "evidence of an environment that condones" sexual assault by corrections officers may cause the jury to think that Wende, "as a whole, is corrupt" and that "such widespread corruption was the cause for the issuance of the 'false' inmate misbehavior report."  *Id.* at 8.  In other words, she is concerned that the allegations against Johnson, Crowley, Kirkpatrick, and Sticht will cast a "negative light" that will deprive Demarais, Gore, and Keenan of a "fair trial."  *Id.*

This Court is confident in its ability to ensure a fair trial for all the defendants.  As Allen notes, "[t]he Court may issue a cautionary instruction for the jury" that will mitigate any potential prejudice.  Docket Item 96 at 4-6.  And this Court believes that such prejudice is unlikely because the factual allegations against Demarais and the other defendants are themselves distinct, as Demarais concedes.[5]  *See* Docket Item 97 at 8 ("[I]t is undisputed that the facts at issue in relation to [Allen's] differing claims do not overlap.").

---

[5] The Court acknowledges what might seem to be an inconsistency between finding two sets of claims to be so distinct that prejudice is unlikely yet intertwined enough to justify a single trial.  But the fact that the two sets of claims require some common witnesses and testimony does not mean that a jury will conflate the claims or impute one defendant's alleged bad behavior to others.  And the Court reiterates that bifurcation remains an exception to the general rule of a single trial.

Demarais therefore has not shown that the likelihood of prejudice to her—or to Gore and Keenan—warrants a separate trial.

## **CONCLUSION**

For the reasons noted above, Demarais's motion to bifurcate the trial, Docket Item 93, is DENIED.  The parties shall contact the Court within 30 days of the date of this order to schedule a status conference to discuss further proceedings and set a trial date.

As noted above, the Clerk of the Court shall terminate L. Johnson as a defendant to this action and correct the caption to accurately reflect the names of the following defendants: Robert Kirkpatrick; Thomas Sticht; Karen Crowley; Edward Meyer; Jeffrey Keenan; James Johnson; Anita Demarais; Tom Gore; and Michael Werner.

SO ORDERED.

Dated:   June 1, 2023
            Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE